UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
SNYDER BROTHERS, INC., :
:
          Plaintiff, :
: 24 Civ. 8470 (KPF)
   v. :
: **CONFIDENTIALITY STIPULATION**
DIRECT ENERGY BUSINESS : **AND**
MARKETING, LLC, : **PROTECTIVE ORDER**
:
          Defendant. :
:
------------------------------------------------------- X

      This matter having come before the Court by stipulation of plaintiff, Snyder Brothers, Inc., and defendant, Direct Energy Business Marketing, LLC (n/k/a NRG Business Marketing LLC), for the entry of a protective order pursuant to Fed. R. Civ. P. 26(c), limiting the review, copying, dissemination, and filing of confidential and/or proprietary documents and information to be produced by either party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

      IT IS HEREBY ORDERED that:

      1.     This Stipulation is being entered into to facilitate the production, exchange, and discovery of documents and information that the parties agree merit confidential treatment (hereinafter the "Documents" or "Testimony").

      2.     Either party may designate Documents produced, or Testimony given, in connection with this action as "confidential," either by notation on the document, statement on

the record of the deposition, written advice to the respective undersigned counsel for the parties hereto, or by other appropriate means.

    3.    As used herein:

    (a)    "<u>Confidential Information</u>" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients.

    (b)    "<u>Producing Party</u>" shall mean the parties to this action and any third parties producing "Confidential Information" in connection with depositions, document production, or otherwise, or the party asserting the confidentiality privilege, as the case may be.

    (c)    "<u>Receiving Party</u>" shall mean the party to this action and/or any non-party receiving "Confidential Information" in connection with depositions, document production, or otherwise.

    4.    The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as Confidential Information. If the Producing Party does not agree to declassify such document or material, the Receiving Party may move before the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information. If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise.

5. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown, or disclosed to any person or entity except to:

(a) personnel of plaintiff or defendant engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

(b) counsel for the parties to this action and their associated attorneys, paralegals, and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(c) expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished only after counsel for the Receiving Party shall obtain the expert's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms;

(d) the Court and Court personnel, if filed in accordance with paragraph 10 hereof;

(e) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

(f) trial and deposition witnesses, if furnished, shown, or disclosed, in the case of trial witnesses, in accordance with paragraphs 8, hereof, and, in the case of deposition

3

witnesses, only after counsel for the Receiving Party shall obtain the witness' written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms; and

    (g) any other person agreed to by the parties.

 6. Confidential Information shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and for no other purposes.

 7. All depositions shall presumptively be treated as Confidential Information and subject to this Stipulation during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the parties. At or before the end of such fifteen-day period, the deposition shall be classified appropriately.

 8. Should the need arise for any of the parties to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such party shall notify all other parties and only upon a showing of good cause, will the information be deemed confidential. Such a showing may be made by application to the Court by motion or as otherwise directed by the Court.

 9. A party may designate as Confidential Information subject to this Stipulation any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof. In the case of Documents, designation shall be made by notifying all counsel in writing of those documents that are to be stamped and treated as such with a reasonable time after actual receipt of copies of those documents by counsel for the party asserting the confidentiality privilege. In the case of deposition Testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to fifteen (15) days after the transcript is received by counsel for the party asserting the confidentiality privilege. Prior to the expiration of such fifteen (15) day

period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Information.

10. A Receiving Party who seeks to file with the Court any deposition transcripts, exhibits, answers to interrogatories, and other documents that have previously been designated as comprising or containing Confidential Information, and any pleading, brief, or memorandum which reproduces, paraphrases or discloses Confidential Information, shall provide all other parties with seven (7) days' written notice of its intent to file such material with the Court, so that the Producing Party may may seek to seal such Confidential Information consistent with the Court's individual procedures for Electronic Filing Under Seal in Civil and Miscellaneous Cases (the "Procedures"). The Parties shall comply in all respects with the Court's Procedure for Filing Sealed Documents.

11. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

12. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature as provided in paragraphs 2 and/or 9 of this Stipulation, may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

13. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

14. The production or disclosure of Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

15. This Stipulation is entered into without prejudice to the right of either party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure or other applicable law or rule.

16. The provisions of this Stipulation shall, absent prior written consent of both parties, continue to be binding after the conclusion of this action, except:

(a) there shall be no restriction on documents that are used in Court (unless such exhibits are permitted by Court order to be filed under seal or redacted); and

(b) a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Stipulation.

17. Nothing herein shall be deemed to waive any privilege recognized by law or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed during disclosure.

18. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party. If any party chooses to destroy physical objects and documents, such party shall, upon the Producing Party's request, certify in writing that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the

contrary, counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

19. This Stipulation may be changed by further order of this Court and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

[*Remainder of page intentionally left blank.*]

Dated: New York, New York
       July 2, 2025

| **GORDON REES SCULLY MANSUKHANI LLP** | **DUANE MORRIS LLP** |
|---|---|
| By: _/s/ Jennifer A. Guidea (w/permission)_<br>Ronald A. Giller<br>Jennifer A. Guidea<br>290 W. Mount Pleasant Ave., Ste. 3310<br>Livingston, New Jersey 07039<br>Telephone: +1 973 549 2500<br>Facsimile: +1 973 377 1911<br>Email: jguidea@grsm.com | By: _/s/ C. Neil Gray_<br>C. Neil Gray<br>335 Madison Avenue, 23rd Floor<br>New York, New York 10017<br>Telephone: +1 212 692 1000<br>Facsimile: +1 212 692 1020<br>Email: cngray@duanemorris.com |
| *Attorneys for Plaintiff*<br>  *Snyder Brothers, Inc.* | *Attorneys for Defendant*<br>  *Direct Energy Business Marketing, LLC (n/k/a NRG Business Marketing LLC)* |

```
This confidentiality agreement does not bind the Court or any of its
personnel.  The Court can modify this stipulation at any time.  The
Court will retain jurisdiction over the terms and conditions of this
agreement only for the pendency of this litigation.  Any party wishing
to make redacted or sealed submissions shall comply with Rule 9 of this
Court's Individual Rules of Civil Procedure.

Dated:     July 7, 2025              SO ORDERED.
           New York, New York
```

*[Signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

8

**EXHIBIT "A"**
**(Agreement with Respect to Confidential Material)**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- X
SNYDER BROTHERS, INC.,

        Plaintiff,

   v.

DIRECT ENERGY BUSINESS MARKETING, LLC,

        Defendant.
------------------------------------------------------- X

24 Civ. 8470 (KPF)

**AGREEMENT WITH RESPECT TO CONFIDENTIAL MATERIAL**

I, _____, state that:

   1.    My address is_____.

   2.    My present employer is _____.

   3.    My present occupation or job description is _____.

   4.    I have received a copy of the Confidentiality Stipulation and Protective Order (the "Stipulation") entered in the above-entitled action on _____.

   5.    I have carefully read and understand the provisions of the Stipulation.

   6.    I will comply with all the provisions of the Stipulation.

   7.    I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any Confidential Information that is disclosed to me.

   8.    I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

2

9. I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Stipulation in this action.

Dated: _____

_____

DM2\21660294